IN THE UNTIED STATES DISTRICT COURT
FOR TE DISTRICT OF COLUMBIA

**FILED**

JUL 15 2014

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| HIDRA HUSSEN<br> 2711 Muskogee Street<br> Adelphi MD. 20783<br>  And<br>MENTEGEBESH TASEW<br> 2624 Lucka Wanna Street<br> Adelphi MD. 20783<br><br>    Plaintiffs,<br><br>v.<br><br><br>WON SHON,<br>5075 Jefferson Davis HWY<br>Fredericksburg, VA. 22408<br><br>    Defendant. | } } } } } } } } } } } } } } } } } } } } } } } |

Case: 1:14-cv-01187
Assigned To : Jackson, Ketanji Brown
Assign. Date : 7/15/2014
Description: General Civil

## COMPLAINT

Plaintiffs, Hidra Hussen and Mantegebosh Tasew, allege:

### INTRODUCTION

1.        This is a claim for fraud, stemming from Defendant's misrepresentations designed to induce Plaintiffs to invest in the establishment of a  business, and to take away the ownership of the business so established from Plaintiffs.

2.       Defendant, Won Shon, used Plaintiffs funds to form VA Froggys Inc. To induce Plaintiffs to enter into the transaction, Defendant made several material misrepresentations, including representations that the investment



1

opportunity was law-risk and that Plaintiffs would recoup their investment within a few years. Instead, Plaintiffs have lost their entire investment in a business. Then, Defendant, Won Shon, obtained Plaintiffs' agreement that made him the owner of 100 % of the stock of VA Froggys Inc. To induce Plaintiffs to sign the agreement, Defendant made several misrepresentations, including representations that he would be registered as  the owner of 100 % of the stock solely for the purpose of enabling Plaintiffs, the actual owners of the stock, and their business,  to participate in the stock exchange market without disclosing their true names or identities. Instead, Defendant now claims that he actually owns 100% of the stock of corporation, and Plaintiffs have lost the ownership of the entire stock of the corporation.   Plaintiffs seek to rescind the transaction and get back their investment fund with interest, or alternatively, Plaintiffs seek to become  the lawful owners of the corporation in addition to an award of damages.

JURISDICTION

3.    The Court enjoys subject matter jurisdiction over this action under 28 U.S.C. section 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00

4.    The Court enjoys personal jurisdiction over the Defendant because Plaintiffs were induced,  by the fraudulent and false representations made by Defendant,  to establish  the new Sweet Frozen yogurt business, "Yogurt Plus",  in the District of Columbia. In addition,  the fraudulent and false representations by Defendant to induce Plaintiff's to establish VA

Froggys Inc. in the State of Virginia was made in the District of Columbia at a " Dollar Store" owned by one of the Plaintiffs. Further, the store lease of VA Froggys Inc., fraudulently appropriated and operated by Defendant states that the District of Columbia is the business address of the store.

      5. This Court enjoys venue under 28 U.S.C. section 1391(a)(2) because a substantial portion of the events that gave rise to Plaintiffs' claims transpired in the District of Columbia, including the relationship that Defendant exploited to propose business opportunities to Plaintiffs, and the damage caused to Plaintiffs in the establishment of the new Sweet Frozen Yogurt business in the District of Columbia.

## THE PARTIES

      6.  Plaintiff, Hidra Hussen, is a resident of the State of Maryland.

      7.  Plaintiff, Mantgebosh Tasew, is a resident of the State of Maryland.

      8.  Defendant Won Shon is a resident of the State of Virginia.

## FACTUAL ALLEGATIONS

      9.  Defendant had a working relationship with Plaintiff Hidra Hussen because he had installed cameras in her " Dollar Store" located in the District of Columbia. One day in August 2011, Defendant approached Plaintiffs to propose an investment opportunity, and took Plaintiffs to Manassas to show them, according to Defendant, a very successful franchise business which sells frozen sweet yogurt, owned and operated by his own son. Defendant represented to Plaintiffs that if they invest in the kind of business that he

showed them, they would recoup their investment money within a few years, and remain owners of the business generating profit for as long as they want. Defendant claimed that he was very close to the people who operate the corporation, which owns the franchise, and he could use his influences to establish a similar franchise business for them.  Defendant offered  Plaintiffs the opportunity to become owners of such  business, and  proposed that he could help them establish the  business if they could provide the funds needed to establish and operate it.

10. Before Defendant approached them with this business opportunity, Plaintiffs were not interested in owning, or operating any business, nor did they have a clue about selling frozen yogurt. They didn't even know what a frozen yogurt looked like.

11.    Plaintiffs found the representations described above to be material and reasonable, and relied on the truth of those representations in deciding whether to provide the needed fund to establish a similar successful business which sells frozen yogurt. Plaintiffs would not have provided the fund needed to establish and operate VA Froggye Inc. had they known that the representations were fraudulent and false.

12.    Based on Defendant's description of the investment opportunity , and their trust in the Defendant, Plaintiffs decided that they were interested in the investment opportunity of owning or operating the business  proposed by Defendant.

13.     As a result and in reliance on these representations, Plaintiffs agreed to open an account for the project,  and to deposit $256,000.00 in an account to which Defendant had access. Then,  through successive, payments, they deposited  the agreed total amount described above. See, Pl. Ex. A, Copy of the loan or investment agreement Defendant induced Plaintiffs to sign on February 10, 2012.

14.     At the time Plaintiffs made those deposits on the account of the new  business, VA Froggys Inc. ,  Plaintiffs were inexperienced in business matters and had no knowledge of the laws, regulations, and methods by which Defendant was required to conduct the investment business, and had no notice of the fraud and falsity of any of the representations made to them by Defendant. Even though Plaintiff, Hidra Hussen, had owned and operated a " Dollar Store" at that time, she had only a brief one year experience, and it was an experience limited to operating a small dollar store.

15.     However, Defendant's performance never lived up to his representations. Defendant wasted the funds deposited in the account of  VA Froggy Inc., for his own personal use. On a certain day in December 2011 , Plaintiffs went to the bank where they made deposits for VA Froggys inc. to check on the account activities. At that time Plaintiffs first  learned that Defendant had withdrawn  a significance amount of money for his own personal use. See, Pl. Ex. B, a copy of the Bank statements for the relevant period.  When Plaintiffs inquired about his expenditure of the funds for his own personal use, Defendant stated that the reason for why he used the

5

funds for his own personal expenditure was to demonstrate to the franchise owning Corporation his financial ability required for his qualification to obtain the franchise necessary to the new business. Plaintiffs never gave him permission to use the funds for such a purpose, and he had no independent right to do so.

16.     Defendant never provided information or documents that showed or explained the cost of construction work needed to establish the business. Defendant also denied Plaintiffs' any access to the business. Defendant  never provided Plaintiffs with any sort of balance sheet or income statement for VA Froggys Inc. and its  business at any time after their investment. Upon information and belief, had Defendant provided Plaintiffs with a balance sheet  or income statement, Plaintiffs would have discovered that Defendants representations had been untrue.  At that time, Defendant also never provided Plaintiffs with any dividends.

17.     Then on or about February 10, 2012, Defendant approached Plaintiffs and fraudulently and falsely induced them to sign an Agreement that stated that he owned 100% of the stock of the corporation by  representing to Plaintiffs that the stocks of VA Froggys Inc. was going to be publicly traded, and that all their stock in the Corporation would be registered in his name in deference to their decision not to participate in the stock market directly as stock owners under their names. Defendant had learned from  Plaintiffs that due to  religious and personal reasons,  Plaintiffs did not, and don't,  want to participate in the stock exchange market directly as owners of the stock and

under their names. They were only interested in working in a business which they owned, and making profit by selling frozen yogurt.

18.    This agreement is titled " CONTRACT CONCERNING TRANSACTIONS AMONG HIDRA HUSSEN (" HUSSEN") AND MENTEGEBESH TASEN (" TASEN") AND WON SHON ("SHON"). See, Pl. Ex. A.  In this Agreement, Defendant also fraudulently and falsely induced Plaintiffs to sign an agreement that also stated that Plaintiffs  were given an opportunity only to loan the corporation money to be repaid at 6.8% of annual interest until full payment of the principal and interest. In this regard, to fraudulently and falsely induce Plaintiffs to sign the agreement, Defendant represented to Plaintiffs that, for the stock to be traded publically as described above,  the agreement has to state not only that Defendant owns 100 % of the stock but also that it has to state that Plaintiffs only gave certain money to the corporation to be paid with interest from the proceeds of the business. Pl. Ex. A, copy of the loan or investment  agreement dated February 10, 2012. See, also Pl. Ex. C, copy of the Article of Incorporation.

19.    Plaintiffs  reasonably relied on Defendants representation  when signing the Agreement because they did not want to participate in the stock exchange market as owners of stock under their name, and Plaintiffs' relied on his representation that he  was only lending them his name just for the purpose of the stock exchange. The business  had been funded from the very start exclusively by Plaintiffs, and even  the lease of the premise of the business  was, and is unless changed lately,  under Plaintiffs' name. She was

the tenant on lease. See, Pl. Ex. D, copy of the lease. Defendant also did not make any financial contribution to the business. For these reasons, Plaintiffs never imagined that Defendant would be in a position to claim that he actually owned the business or any part of stock of the coproation. Plaintiffs', thus, reasonably relied on his statements, and simply waited to get their share from the proceeds of the business.

20.    At no time did Plaintiffs understand that Defendant would falsely and fraudulently assert or claim to be the actual owner of the 100% of the stock of the corporation, to the exclusion of Plaintiffs, as he seems to claim now, nor did they understand that they invested only a "certain amount of money" for the " sole" or exclusive purpose of receiving certain percentage of the profits, or that they merely loaned money to the corporation to receive interest until the full payment of their loan. Rather, Plaintiffs' signing of the Agreement setting forth these misrepresentations of the reality was obtained by defendant's false and fraudulent representations to Plaintiffs' that the agreement was necessary for the purpose of trading in public the stock of the corporation.

21.    Plaintiffs are first generation immigrant women, uneducated, and totally unacquainted with business matters on this level, particularly involving the operation of a corporation which owns stocks, or shares, which are publically traded. Plaintiffs are unacquainted with stock or share ownership. They raised their life-time saving which is invested in this business by working as house-maids in the middle East and here in the U.S. There

experience is limited to being mothers and house-keepers, except for a brief one year period before this event one of them had been an owner of a " Dollar Store".   At all times mentioned in this complaint, Defendant, and his attorneys,  knew that Plaintiffs were uneducated and lacked understanding of the transaction described  in this complaint and knew that Plaintiffs trusted and relied on Defendant. Defendant  took advantage of Plaintiffs' lack of information, and through false and fraudulent representations obtained Plaintiffs' money,  and later  their signature to an agreement that makes Defendant the owner of 100 % of the stock of the corporation, and portrays Plaintiffs merely as people who loaned money to the Corporation.

22.     In pursuit of his fraudulent scheme of owning the corporation and the business that actually belongs to Plaintiffs, and in support of his claim thereof, Defendant issued checks of $ 5,000.00 each to the Plaintiffs for four months, indicating in each check that they were payments made to the principal of  the loan that he fraudulently and falsely claimed was made by Plaintiffs to the corporation. After making these four payments to Plaintiffs, Defendant stopped making any more payments after he was satisfied that the payments had served their fraudulent purpose Pl. Ex. D, copies of some of these  checks.

23.     Rather than making these monthly payments,  he  approached Plaintiffs with yet another offer of an  investment opportunity to establish another similar franchise business which sales frozen yogurt  in Washington D.C..  Defendant  fraudulently and falsely represented to Plaintiffs that he

9

would use the proceeds from their VA Froggys Inc. to establish the new

business in the District of Columbia. Plaintiffs again relied on his statements

believing that this could be the only opportunity that was available to them to

get their money back from Defendant.

24. Accordingly, they leased the premise for this new business

located at 2523 Pennsylvania Avenue S.E. Washington D.C. 20020, and paid

rent for about a year. Pl. Ex. E, Copy of lease for the premise of the business

to be established in the future. However, instead of establishing the new

business as he had fraudulently and falsely represented to Plaintiffs,

Defendant demanded yet again from Plaintiff $60,000.000 more to do the

job. Pl. Ex. F, copy of Defendant's letter asking the $60,000.00. Plaintiffs

finally resolved to face their embarrassment, and to cut their loss. Since

Defendant abandoned the project, Plaintiffs have spent more than

$80,000.00 to establish the new Sweet Yogurt business in the District of

Columbia. At the same time, Plaintiff contacted the undersigned counsel to

pursue their interests and to take all the necessary legal actions.

25. Defendant knew and believed that his statements to Plaintiffs

were false at the time they were made. Defendant intended to induce

Plaintiffs to invest in VA Froggys Inc., and also to sign an agreement to make

Defendant the owner of 100 % of the stock of the Corporation, by making the

above mentioned statements. Defendant also intended to induce Plaintiffs not

to demand their investment in the Corporation by preventing them from

learning the true financial situation of the corporation and by making further

misrepresentations about a new investment opportunity in a business to be established in Washington D.C.

26.     In justifiable reliance on Defendants statements, Plaintiffs decided to invest and did invest in VA Froggys Inc., and in the new franchise business in Washington D.C.

27.     Plaintiffs lost their life's investment and suffered other damages.

28.     As a direct and proximate result of the conduct of Defendant, Plaintiffs are entitled to have the transaction described in this complaint rescinded and to have their investment money returned, or in the alternative to become the lawful owners of the business of VA Froggys Inc.

WHEREFORE, Plaintiffs request judgment for:

1.     Rescission of the deposit agreement and the purported loan or investment agreement, and the return of the investment fund to Plaintiffs, with interest,  or if the Defendant is unable to pay back the investment fund, the return of the ownership of the VA Froggys Inc., to Plaintiffs making them the lawful owners of the business.

2.     Costs of suit; and

3.     Such other and further relief as the Court deems just and proper.

Dated: July 15, 2014
Washington D.C.

Respectfully submitted,

Workneh Churnet, D.C. Bar #974538
Law Office
1629 K Street N.W.,
Suite #300
Washington D.C. 20006
Attorney for Plaintiffs

## CERTIFICAT OF SERVICE

I, hereby certify that on July 15 , 2014, I filed  the forgoing with the Clerk

of Court and delivered to Defendant, Won Shon by certified mail at the

following address:

Won Shon
VA Froogys Inc.,
5075 Jefferson Davis HWY
Fredericksburg, VA, 22408
504-429-1399

By

12